MARSH v. ERWIN.

Opinion delivered October 23, 1922.

1. EVIDENCE—BEST AND SECONDARY EVIDENCE—LAND RECORDS.—
   Though a swamp land certificate is the best evidence of land sold,
   the records of the land office are also admissible under Acts 1921,
   No. 238, to prove the sale, without showing the loss of the
   certificate.

2. EVIDENCE—LAND RECORDS.—The notation of acreage in the column
   headed "Remarks" in the State's record of "swamp land entries"
   opposite entries showing that F. and N. purchased certain
   swamp lands in dispute, was admissible both as part of the record
   showing disposition of the lands and because it might be inferred
   from such entry that the lands in dispute were embraced within
   such purchase as part of such acreage.

3. ACTION—EQUITABLE DEFENSES AT LAW.—Under Crawford & Moses'
   Dig., § 1194, equitable defenses may be interposed and tried in
   actions at law if no motion is made to transfer the cause to
   chancery.

4. PUBLIC LANDS—GRANT OF SWAMP LAND.—The State's swamp land
   entry book contains notation that certain land was sold by the
   swamp land commissioners; the land was forfeited for taxes and
   sold to the State in 1868; it was again sold to the State in the
   overdue tax act of 1881. Plaintiff purchased the land as swamp
   land in 1919. Held that the jury were justified in presuming a
   grant to some one antedating plaintiff's patent.

5. PUBLIC LANDS—DONATION OF FORFEITED LANDS.—Lands acquired
   by the State in overdue tax proceedings are subject to donation
   as forfeited lands.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*Patterson & Rector* and *George Vaughan,* for appellant.

1. The transcript of the record in the office of the State Land Commissioner was improperly admitted, because no foundation was laid for the introduction of secondary evidence. 76 Ark. 400, 403; *Id.* 460, 464; 75 *Id.* 415. It was improperly admitted also, because the transcript shows on its face that the evidence therein was irrelevant and immaterial.

2. The introduction of the patent from the State to the plaintiff established a *prima facie* case for the plaintiff. 33 Ark. 833; 39 *Id.* 120; 55 *Id.* 286; 27 *Id.* 200.

Being a common-law action in ejectment, and the issuance and delivery of patents to plaintiff being proved, no defense can successfully be maintained at law. If, as a matter of fact, the title had passed from the State prior to the execution of the patent, that fact should have been pleaded by the defendant, accompanied by a motion to transfer to equity, where such defense could have been heard. It cannot be determined at law. 76 Ark. 525. There is no evidence in the record even tending to rebut the presumption created by the State's patent to the plaintiff, nothing from which the jury could legally infer that the State had parted with its title at a time prior to the date of the patent. Such being the case, the donation deeds are void. 95 Ark. 65; 66 *Id.* 48. The donation deeds were quitclaim deeds merely, and conveyed only such interest as the State might have acquired by reason of nonpayment of taxes and subsequent forfeitures. Kirby's Digest, § 4914. The unauthorized act of the State Land Commissioner in issuing these donation deeds cannot operate as an estoppel against the State. 57 Ark. 474, 476; 39 Ark. 580; 42 Ark. 118; 40 Ark. 251.

Defendant claims under donation deeds alone, and under no other or further grant. The donation deeds being void, the law will not presume another valid deed. 175 U. S. 248, 44 L. Ed. 150; 175 U. S. 552, 44 L. Ed. 269.

3. The donation deeds conveyed no title because the land sought to be conveyed was not subject to donation. The State acquired no title by reason of the overdue tax proceedings. Only lands forfeited to the State for nonpayment of taxes are subject to donation. 95 Ark. 65.

*W. A. Leach,* for appellee.

1. An equitable defense may be made to an action in ejectment under our code. Crawford & Moses' Dig., § 1194; 85 Ark. 25; 21 *Id.* 484; 54 *Id.* 30; 49 *Id.* 75; 46 *Id.* 272; 27 *Id.* 632; 26 *Id.* 54.

2. As to whether or not there had been a sale by the State prior to the patent to the appellant was a question of fact for the jury. The verdict in favor of the appellee necessarily included a finding that there had been a prior sale, and the evidence was sufficient to warrant this finding.

3. By section 7 of the overdue tax act of March 12, 1881, as amended by the act of March 22, 1881, the State was authorized to make herself a party to any suit, and was given the same right in regard to the assertion of her title as a private person. Not having set up any title to the lands in controversy in the overdue tax proceedings, the State is bound by the decree adjudging the taxes to be due and declaring a lien on the lands to secure the payment thereof, and this decree necessarily included a finding that the State at that time was not the owner of the lands. 49 Ark. 337; 60 Id. 188; 55 Id. 37. The case of Brinneman v. Scholem, 65 Ark. 65, relied on by appellant, is not in point. The language of that opinion to the effect that only lands forfeited to the State for nonpayment of taxes are subject to donation, etc., was used with reference to lands that had not been forfeited for taxes in any manner.

4. Certified copies of records from the State Land Office were admissible in evidence without laying a foundation therefor with proof of the loss of the primary evidence. Act 238, Acts 1921, p. 308; 26 Ark. 54.

HUMPHREYS, J. Appellant instituted suit in ejectment against appellee in the circuit court of Prairie County, Northern District, to recover possession of the following described lands in said county, to-wit: Lot 6 of N. W. quarter section 3; lots 5 and 6 of N. E. quarter and lot 5 of N. W. quarter section 4, all in township 4 north, range 4 west, containing 160 acres, more or less. Appellant deraigned his title from the State, setting up a swamp land deed or patent from the Commissioner of State Lands, dated February 24, 1919.

Appellee filed an answer interposing an equitable defense. The answer alleged, in substance, that the State acquired the lands from the United States under swamp land act on September 28, 1850, and prior to 1868 certified them out for taxation; that said lands were forfeited to the State for the nonpayment of the taxes for 1868; that subsequently they were certified out under the act of March 12, 1881, and embraced in the "overdue tax suit" in Prairie County, and under the decree in the suit were sold back to the State of Arkansas; that in the years 1895 and 1899 donation deeds were issued for State lands by the State, and that appellee acquired title through mesne conveyances from the donees; that the appellee, and those through whom he claims title, had been in the continuous possession of said lands, made valuable improvements thereon, and paid the taxes since the date of the donation deeds.

The cause was sent to the jury upon the pleadings, evidence, and instructions of the court, which resulted in a verdict and judgment for appellee, from which is this appeal. The facts reflected by the record are in substance as follows: State acquired title to the lands in litigation by virtue of the swamp land act of September 28, 1850. A patent for them was issued by the State to appellant on the 24th day of September, 1919. A tract book, which was an exact copy of the official survey of sections 3 and 4, embracing the lands in question, is kept in the State land office, and was introduced in evidence. Each of the tracts in question, as shown by the tract book, was marked with the letters "S. C." These letters indicated that said lands had been sold by the Swamp Land Commissioner. The official survey of sections 3 and 4 was also introduced, showing that the north half of the sections are fractional and contain 1,313.90 acres. Over the objection and exception of appellant a certified copy of page 215 of the book of "swamp land entries," kept in the land office, was introduced in evidence. This book is supposed to show the disposition made of swamp

lands belonging to the State, and bears date August 2,
1852. The name of Ferguson and Neill, to whom appellee
claimed these lands were sold, appeared on this page as
the purchasers of lands set opposite their names. "It
appears therefrom that on August 2, 1852, Joseph R.
Ferguson and James Q. Neill purchased certain lands in
township four north, range four west, as follows:

W. half of N. W. quarter of sec. 2................................ 80 acres
N. half of sec. 3................................................320 acres
N. E. quarter of sec. 4........................................160 acres
E. half of N. W. quarter of sec. 4............................ 80 acres

Making a total of...............................................640 acres

In the column headed "Remarks", immediately
opposite the four entries last mentioned above, the fol-
lowing notation of acreage appears:

                                               "160.97
                                                656.49
                                                333.52
                                                162.92

"Total ............................................1,313.90".

The other entries on the page prove nothing con-
cerning the lands in dispute, so it is needless to set out
all the entries on the page. The lands were forfeited to
the State for the taxes of 1868, and they were again sold
to the State under the decree in the "overdue tax suit" in
Prairie County. A donation deed for a part of the lands
was issued in 1895 by the State to Jesse Warren, and
appellee acquired his title through mesne conveyances.
A donation deed for the other part of them was issued
in 1899 to Guy W. Knauff, from whom appellee acquired
them directly. Sixty acres of land purchased by Knauff
was cleared, fenced, and two houses built during the
occupancy of the donee and his grantee. The lands pur-
chased by Jesse Warren had also been improved by those
in the chain of his title. Forty acres had been put in
cultivation, and houses, stables, etc., built upon it.

At the conclusion of the evidence appellant requested the court to direct the jury to return a verdict in his favor, which was refused, over his objection and exception.

Appellant's first insistence for reversal is that the certificate of purchase, issued to Ferguson and Neill for swamp lands, was the original and best evidence of the lands sold to them, and that the court erred in admitting the records of the land office without first showing the loss of the certificate. We think the record was admissible under the rule announced in *Taylor* v. *Trulock*, 26 Ark. 54, and certainly was admissible under the rule prescribed by act 238 of the Acts of the General Assembly of 1921. It was therefore unnecessary to prove the loss of the certificate before introducing page 215 of the records in the land office.

Appellant's next insistence for reversal is that the court erred in admitting page 215 of the record, because it did not describe the lands in controversy, and for that reason was irrelevant and immaterial. We think the notation of acreage in the column headed "Remarks" opposite the four entries, showing that Ferguson and Neill purchased certain swamp lands, is a circumstance from which it might be inferred that the lands in dispute were embraced within their original purchase. The acreage noted under that heading amounts to 1,313.90 acres, and was the amount in the north fractional half of the two sections in which the lands in dispute are situated. We think it admissible on the further ground that appellee was entitled to produce the whole record, as well as the tract or index book, relating to the disposition of the swamp lands in the sections embracing the lands in controversy.

Appellant's next insistence for reversal is that, even if the State had parted with the title to the lands before the execution of the patent to appellant, this equitable defense could not be heard in a court of law. Under § 1194 of Crawford & Moses' Digest equitable defenses may be interposed and tried in actions at law, if no motion

is made to transfer the cause to the chancery court. *Taylor* v. *Trulock*, 26 Ark. 54; *Nichols* v. *Shearon*, 49 Ark. 75; *Gates* v. *Gray*, 85 Ark. 25.

Appellant's next insistence for reversal is that there is no testimony from which a reasonable inference might be drawn that the State had parted with its original title prior to the date of the patent to appellant. The letters "S. C." appear upon the lands in controversy in the tract or index book, which letters, according to the testimony, indicate that the Swamp Land Commissioners disposed of the lands thus marked. It also appears that these lands were forfeited to the State for the taxes of 1868. This is a circumstance tending to show that at some time prior thereto the lands had been sold and certified out for taxation. Again, the testimony shows that the lands were included in an "overdue tax suit," filed in Prairie County, and that under the decree for unpaid taxes the State again purchased them. This testimony also tends to show that at some time prior to the date of appellant's patent the lands had been sold and certified out by the State for taxation. Even though the long occupancy and valuable improvements, made by appellee and the grantor and grantees in the chain of his title, may be attributed to the donation deeds, the facts and circumstances above detailed cannot. They can only be attributed to an ancient grant of the State's original title and, we think, are sufficient to base a reasonable inference that there was a sale of said lands by the State to some one antedating appellant's patent. The jury indulged the presumption of a prior grant, and there was sufficient evidence to warrant it.

Appellant's next and last contention for reversal is that lands sold under the "overdue tax suit" are not subject to donation as forfeited lands. We think lands acquired by the State in overdue tax proceedings are subject to donation. But, aside from this view, in the instant case the lands in controversy were clearly subject to donation under the forfeiture to the State for the taxes of 1868.

No error appearing, the judgment is affirmed.