NATIONAL EQUITY LIFE INSURANCE COMPANY *v.* PARKER.

4-3400

Opinion delivered March 12, 1934.

*S. F. Morton* and *M. J. Harrison,* for appellant.
*Huie & Huie* and *T. D. Wynne,* for appellee.

SMITH, J. Appellant issued a policy of insurance upon the life of Joseph W. Parker, payable upon his death to his wife, which contained this recital: "This policy is issued in consideration of the application therefor, a copy of which is attached hereto and made a part hereof, and of the payment in advance of seventy-six and 08/100 dollars, being the premium for one year's term insurance from the date hereof and the advance reserve required by law, and the further payment of a like amount on or before the 1st day of July in every year

thereafter during the continuance of this policy." The policy was dated July 1, 1931.

The insured died March 15, 1932, and this suit was brought to enforce payment of the policy, and from a judgment awarding that relief is this appeal.

The insurance company defended upon the ground that, upon the written application of the insured, the terms of payment of the premium had been changed from an annual payment to monthly payments, and that only one monthly payment had been made. There was indorsed upon the back of the policy the amount of premium to be paid if the payments were made annually, semi-annually, quarterly, or monthly, the amount of the premium if paid monthly being $8.70 per month.

A writing, which purported to be an application to change the plan of premium payments, to which the name, "Joseph W. Parker," was signed, was offered in evidence, but his wife and brother-in-law testified the writing was not the signature of the insured.

The agent who wrote the application and delivered the policy testified that the insured signed the application in his presence, and that the change of plan of payment was made as requested, and the insured made an initial monthly payment of $8.70 upon the delivery of the policy. Testimony on the part of the insurance company was to the effect also that no other payment was ever made, although monthly notices were sent to the insured of the amount and date of his payment, as well as a notice to the effect that the insurance would be suspended unless payments were made, and another notice to the effect that the insurance had been canceled upon the books of the company because the payments had not been made.

The court charged the jury that the possession of the policy by the insured at the time of his death raised the presumption that the policy had been properly delivered to him after the performance of all conditions precedent necessary to put it in force, and that the burden was upon the defendant insurance company to show that the annual premium had not been paid, and that a verdict

should be returned for the plaintiff unless this burden was met by the defendant.

The defendant requested—but the court refused to give—an instruction numbered 4 reading as follows: "You are instructed that if you believe from the evidence in this case that the only premium paid by Joseph W. Parker was the monthly premium of $8.70 paid at or before the time of the delivery of the policy, then said policy lapsed at the end of 31 days grace period on September 1, 1931, and you should find for the defendant."

This instruction so clearly and so correctly presents the controlling issue of fact that we think it was error to refuse to give it. It is not contended that the instruction is incorrect, but it is asserted that the refusal to give it was not prejudicial error, for the reason that the court had given, at plaintiff's request, an instruction numbered 3 which covers it. This instruction numbered 3 reads as follows: "The court instructs the jury that the policy in suit was issued on an annual premium payment basis, and the burden of proof is upon the defendant company to show by the greater weight of the evidence introduced in this case, that subsequent to the issual of the policy the premium payment basis was changed by mutual agreement to a monthly payment basis."

We think, however, the court should have given appellant's instruction numbered 4, although appellee's instruction numbered 3 had been given. Instruction numbered 3 declared the law to be that the policy had been issued upon an annual premium payment basis, and not upon a monthly premium payment basis, and that the burden was upon the defendant to show that the premium payment basis had been changed by mutual agreement to a monthly payment basis. But there it stopped, and there appellant's instruction numbered 4 began, and the jury should have been told, as appellant's instruction numbered 4 declared the law to be, that a single monthly premium of only $8.70 would not suffice to keep the insurance in effect beyond September 1, 1931, which date was some months prior to the date of the death of

the insured. *Washington Fidelity National Insurance Co. v. Anderson,* 187 Ark. 974, 63 S. W. (2d) 535.

Appellant's instruction numbered 4 should have been given, and for this error the judgment will be reversed, and the cause will be remanded for a new trial. It is so ordered.