ROBESON v. KEMPNER.

Opinion delivered November 24, 1930.

C. B. Andrews, for appellant.

Murphy & Wood, for appellee.

HUMPHREYS, J.   This is an appeal from a decree in the chancery court of Garland County cancelling a deed executed by appellant, Martha Robeson, to appellant, J. E. Page, to blocks 132 to 139, inclusive, and blocks 173 to 191, inclusive, in the city of Hot Springs, Arkansas, quieting the title to certain lots in said blocks in appellees and others, and perpetually enjoining appellants from setting up claim or title thereto.   The decree was rendered by the trial court upon the complaint of appellees for themselves and all other owners of lots in said blocks, and the oral and documentary testimony adduced by appellees, upon the failure and refusal of appellants to plead further after the court had overruled appellants' motion to transfer the cause to the Federal court and their motion to make the complaint more definite and certain and the demurrer to the complaint.   The oral and documentary testimony introduced on the trial of the cause does not appear in the transcript, so it must be presumed that the recital of facts contained in the decree was supported by and was in accordance with the weight of the evidence.   The allegations of the complaint were, and the decree found and declared, that appellees and other owners of said lands had been in the actual possession thereof and had paid the taxes thereon for more than forty years; that appellants had no right or title therein but had conspired to and did continually harass and annoy the owners of all lots in said blocks by making false claims of title and by executing and placing of record false deeds and telling prospective buyers that appellant, Martha Robeson, was the rightful owner of all of said land and interfering with the collection of rents from the tenants occupying said property.

Appellants contend for a reversal of the decree because the court overruled their motion to make the complaint more definite and certain by setting out their claim

of title and overruling their demurrer to the complaint for failure to do so.

Our statutes do not require that plaintiffs in suits of this character be required to set out therein their chain of title. In ejectment suits the statutes make such requirements. In suits in equity to quiet titles allegations of ownership are sufficient upon which to base or found the actions.

Appellants also contend for a reversal of the decree because the court overruled their motion to transfer the cause to the Federal court. The petition for the removal of the cause was properly overruled. The only ground alleged for removal was that gross fraud had been perpetrated on the United States Land Commissioner in obtaining a patent to the lands in question. The allegation was too general to constitute a ground for removal of the cause. It failed to allege the manner in which or when fraud was perpetrated. There are other grounds upon which the court properly overruled the petition for removal which are unnecessary to refer to or discuss.

No error appearing, the decree is affirmed.