SKELTON *v.* FERGUSON.

5-244                                               262 S. W. 2d 913

Opinion delivered December 21, 1953.

*Chester P. Leonard* and *Carlos B. Hill,* for appellant.

*O. E. Williams,* for appellee.

ROBINSON, J. Appellant Skelton filed suit to quiet the title to certain described lands. Appellees herein were made parties defendant. The complaint alleges that the plaintiff had acquired title to the property by purchase from Sewer Improvement District No. 1, Fayetteville. The certificate of purchase is made a part

of the complaint and is dated June 26, 1948. The complaint further alleges that the court had rendered a decree which cast a cloud on the title. A copy of the decree was made a part of the complaint, and shows that the court set aside the sale of the property by the Sewer Improvement District to Skelton. Attached to the complaint also is a copy of a quit-claim deed to the property from Mamie E. Stone to Skelton.

Subsequently appellant filed an amended complaint in which he claims title by adverse possession. Appellees filed a demurrer, answer, and cross-complaint. Appellant filed an additional amendment to the complaint in which he alleges the sale to the District in the first instance was void for the reason that the taxes actually had been paid. The court sustained the demurrer; appellant declined to plead further. Therefore the court entered a decree in favor of appellees on the answer and cross-complaint.

The demurrer should have been over-ruled and the cause tried on its merits. The allegations of the first amendment to the complaint are good against a demurrer. It is alleged: (1) that plaintiff is the owner; (2) that he is in actual possession; (3) that he and those under whom he claims title have had color of title for more than 7 years; (4) that he and his predecessors in title have paid taxes on the lands continuously for more than 7 years; (5) that he and his predecessors have fenced the land; (6) that he and his predecessors have been in possession for more than 7 years; (7) that no one is occupying the lands adversely to plaintiff. In a suit to quiet title, plaintiff is not required to deraign his title. *Robeson* v. *Kempner*, 182 Ark. 746, 32 S. W. 2d 616.

Reversed,