Ex parte GAINES.

Opinion delivered May 21, 1892.

*Taxation—Hot Springs reservation—Leasehold estate.*

> The estate of a lessee of land belonging to the United States situated on the Hot Springs reservation is not exempt from State taxation.

Appeal from Garland Circuit Court.

JAMES B. WOOD, Judge.

This proceeding was instituted to determine the State's right to tax leasehold estates on the permanent United States Reservation at Hot Springs. The assessor listed for taxation for the year 1889 the leasehold interests and improvements of the owners of the New Rector and other bath houses. A. B. Gaines, one of the owners, petitioned the county court to quash the assessment of his estate in certain of the bath houses, upon the ground that the property was not subject to taxation. The petition having been denied, he appealed to the circuit court. The State, Garland County and the City of Hot Springs, being interested in the decision, were allowed to intervene and resist the petition.

The cause was tried upon an agreed statement of facts, which in substance stated that the bath house property, assessed by the assessor, was upon the permanent Hot Springs Reservation, and that the appellee and others, who had similar bath house interests on the reservation, held the same by virtue of leases executed by the government of the United States through the proper officers having authority to execute such leases; that the leases were executed originally in December, 1878, for a

period of five years, and expired December 15, 1888 ; that the leases have been renewed from time to time by the Secretary of the Interior, and invariably to the owner or owners of the houses at the time of the expiration of the leases ; that, as a ground rent and for the enjoyment of the hot water and bath house privileges, the lessees pay to the United States $35 per tub annually in twelve equal installments on the first day of each month. That the bath houses and all fixtures were erected and are owned by the lessees, and the United States has no interest in them.

Upon these facts the circuit court held the assessment of Gaines' leasehold estate, with the improvements, invalid, and quashed the assessment. The State, the County and the City have appealed.

*E. W. Rector* for appellants.

1. All property is subject to taxation in this State, except that enumerated in sec. 5597, Mansf. Dig. The property in this case does not *belong exclusively* to the United States. Appellee has an " estate for years " in the land, and owns absolutely the buildings and improvements, privileges, etc. An estate for years is an interest in land. Taylor's Land. & Ten. (7th ed.), sec. 14. In the act admitting this State into the Union, there is no reservation of the jurisdiction of the United States over the Hot Springs Reservation, and there has been no cession since by the legislature. Opin. Atty. Gen'l, vol. 6, p. 265 ; 17 Johns. Rep. 225 ; 114 U. S. 525 ; Const. U. S. art. 1, sec. 8 ; 22 Wall. 527.

2. But if the lands are not subject to taxation, the *improvements* are ; they belong exclusively to the lessees. 2 Peters, 137 ; Taylor, Land. & Ten. 433 ; 18 Op. Atty. Gen'l, 226 ; Mansf. Dig. secs. 3001–2, 5585–6 ; 4 Ark. 289.

3. Improvements on the public lands are subject to taxation. 4 Ark. 289 ; Burroughs, Tax. 130–1 ; 30 Cal. 635 ; 6 How. 291 ; 12 *id.* 36 ; 37 Cal. 54 ; 4 Otto. 762.

4. None of these improvements are *means* or *instruments* of the United States government. 4 Wheat. 316; 7 Wall. 77; 9 *id.* 579 ; 18 *id.* 5.

5. Even if the property was not subject to taxation at the time of assessment, yet, by act of Congress since passed, the United States *consents* that all structures, etc., may be taxed by the State. The statute is merely declaratory of a right that existed prior to its passage.

*George G. Latta* for appellee.

By the compact between the United States and the State, all the rights of the national government were reserved, and the usual restrictions and articles of agreement as to the rights of the general government were protected and reserved. There has been no act of Congress parting with any right held by the general government, nor conferring authority upon the State to levy taxes for any purpose. Section 5 of the act of Congress, passed after the institution of this suit, has no effect upon it. Public domain is not taxable by the States. Cooley, Taxation, p. 87. Reservations and chattels real growing out of reservations are not taxable by the States. *Ib.* pp. 355, 371. To tax this property would be a direct and positive interference with the revenue of the United States, which is prohibited. Art. 1, sec. 8, Const. U. S. See 4 Wheat. 316, 431 ; 17 Wall. 322 ; 11 *id.* 113 ; 22 Ind. 276; 105 Mass. 49; 3 Cold. (Tenn.) 325 ; 1 Abb. U. S. 22; 12 Wall. 416, 427; 32 Ind. 1; 22 Wis. 225; 16 Pet. 435 ; 2 *id.* 442; 2 Wall. 200; 101 Mass. 329; 7 Wall. 26; 9 Wheat. 738; 17 Wall. 32. Property the title to which is in the United States, or held for whatever purpose, is exempt from taxation, and all interests growing out of the same are also exempt. 93 Ill. 30 ; 34 Am. Rep. 155.

COCKRILL, C. J. In the act of Congress admitting Arkansas into the Union of States, there was no reservation of Federal jurisdiction over the Hot Springs Reservation, and there has been no subsequent cession

of jurisdiction by the State to the United States. The property of individuals on or within the Reservation has therefore always been subject to taxation by the State. *Ft. Leavenworth R. Co.* v. *Love*, 114 U. S. 525.

No part of the Reservation, while owned by the United States, can be subjected to taxation by the State. *Van Brocklin* v. *Tennessee*, 117 U. S. 151. But when the government parts with its title, or any interest therein, the property or interest which the government parts with becomes subject to taxation. When it makes a lease to an individual of any interest or privilege in its lands within the Reservation, the interest of the lessee, whatever it may be, may be taxed, subject however to all the rights and interests which the United States retains in the property.

The record in this cause shows that what is said by Judge Miller in reference to the possessory right of miners, in the government lands, to dig for ores, is strictly applicable to the right acquired by the government's lessee in this case. "This claim," said he, "may be sold, transferred, mortgaged and inherited without infringing the title of the United States. Why may it not also be made subject to a lien for taxes, and the claim, such as it is, recognized by statute, be sold to enforce the lien? We see nothing in principle or in any interest which the United States has in the land to prevent it." *Forbes* v. *Gracey*, 94 U. S. 762; see *Colorado Co.* v. *Commissioners*, 95 *id.* 265; *Van Brocklin* v. *Tennessee*, 117 U. S. 177.

The interest of the lessee in the land is not the property of the United States, and it is not a means employed by the government to obtain a governmental end. The power to tax that interest does not involve therefore the power to destroy or disturb any interest of the United States government.

Our attention is called to a provision in the lease in this case to the effect that there should be no assignment of it by the lessee without the consent of the Secretary of the Interior. Conceding that that provision would prevent a purchaser at tax sale from becoming the owner of the lessee's interest without the assent of the Secretary, it would operate only upon the remedy of the purchaser, and would not affect the power of the State to levy the tax.

But the act of Congress, which was passed since the assessment and levy of the taxes in dispute, assenting to taxation by the State of all structures and other property in private ownership on the Reservation relieves the State, and the purchaser at the tax sale, of any embarrassment that might arise on that score.* All property in Arkansas belonging to individuals is subject to taxation except such as is specially exempted by the Constitution. Nothing else is or can be made exempt. *Little Rock, etc., R. Co.* v. *Worthen*, 46 Ark. 312. The interest which the appellant acquired by his lease was property, and is not exempt under the law. It was the duty of the assessor to return it for taxation.

The court erred, therefore, in quashing the assessment. The judgment will be reversed, and the appellee's application to quash the assessment will be dismissed.

It is so ordered.

---

*The act of Congress referred to (act March 3, 1891, sec. 5) provides: "That the consent of the United States is hereby given for the taxation, under the authority of the laws of the State of Arkansas applicable to the equal taxation of personal property in that State, as personal property, of all structures and other property in private ownership on the Hot Springs Reservation."