ROBESON *v.* KEMPNER.

4-1818

Opinion delivered April 9, 1934.

*J. R. Long,* for movants.

PER CURIAM. A motion has been filed which prays that the opinion appearing in 182 Ark. 746, 32 S. W. (2d) 616, be annulled, and that the decree of this court rendered pursuant thereto be vacated. We there affirmed the decree of the Garland Chancery Court from which the appeal came. That opinion was delivered November 24, 1930. The ground of the motion is that no mandate has issued from this court, and it is insisted that, as the mandate cannot now issue, jurisdiction to enforce the decree has been lost, and the decree has become a nullity.

The disposition of the motion requires the consideration and construction of §§ 2177 and 2178, Crawford & Moses' Digest, and of act 112 of the Acts of 1929 (vol. 1, Acts 1929, page 563), amending these sections.

Section 2177, Crawford & Moses' Digest, reads as follows: "The Supreme Court may reverse, affirm or modify the judgment or order appealed from, in whole or in part, and as to any or all parties, and, when the judgment or order has been reversed, the Supreme Court

may remand or dismiss the cause and enter such judgment upon the record as it may in its discretion deem just. Provided, when a cause is reversed and remanded the mandate must be taken out and filed in the court from which the appeal was taken by the plaintiff within one year from the rendition of the judgment reversing the cause; and, immediately upon the expiration of the period of one year after the judgment of reversal is entered, when the mandate is not taken out, the clerk of the Supreme Court shall, upon application of the party entitled thereto, issue an execution for all costs accrued up to the date of reversal in the Supreme Court and in the court from which said cause has been appealed.''

Section 1 of the act of 1929, *supra,* amended this section so that its provisions would apply to cases which had been affirmed as well as to cases which had been reversed, with the added proviso that the mandate must be taken out within one year from the date of the disposition of the appeal, ''and not thereafter.''

Section 2178, Crawford & Moses' Digest, reads as follows: ''Upon the determination of any appeal or writ of error the Supreme Court may award execution to carry the same into effect, or may remand the record, with the decision of such court thereon, to the circuit court in which the cause originated, and order such decision to be carried into effect.''

Section 2 of the act of 1929 amends § 2178 by the addition of the following proviso: ''Provided the mandate is taken out and filed with the court from which the appeal came within twelve months from the determination of any appeal; and such decision shall be carried into effect within ten years from the rendition of the judgment, and not thereafter.''

It does appear that mandates must issue, if at all, within one year from the date of the disposition of an appeal, whether that disposition be the affirmance, modification or reversal of the judgment or decree appealed from, but it does not follow that the judgment of this court becomes a nullity unless the mandate does issue within twelve months after the disposition of the appeal.

We would hesitate to give the legislation a construction producing this anomalous result unless that construction was plainly required. In our opinion, this construction is not only not required, but is not warranted, as this was not the purpose, nor is it the effect, of the amendatory act.

If the prevailing litigant desires to invoke the aid of the court from which the appeal came to enforce the judgment, he must file the mandate in that court within twelve months, as limited by § 2177 and the amendatory act. But the failure so to do does not annul the judgment or decree of this court. On the contrary, § 2 of the amendatory act of 1929 provides that "such decision shall be carried into effect within ten years from the rendition of the judgment, and not thereafter." The judgment could not be carried into effect if the failure to have mandate issued within twelve months rendered it void. The power therefore inheres in this court to enforce its judgment, whether the mandate issued or not, and the motion is therefore overruled.