JACKSON *v.* DILLEHAY.

4-8028                                   196 S. W. 2d 909

Opinion delivered October 28, 1946.

*Rieves & Smith* and *McMillen & Teague,* for appellant.

*U. A. Gentry* and *Buzbee, Harrison & Wright,* for appellee.

SMITH, J. This is the second appeal in this case. The former opinion is found in 209 Ark. 707, 192 S. W. 2d 354. In that opinion it was decided that the appellants there, who are also the appellants here, were the legally elected directors of the Security National Life Insurance Company, having been elected as such at the last preceding

meeting of the policyholders, held January 10, 1945. The by-laws of the insurance company provided for the election of the directors by the policyholders.

When that appeal was filed, the annual election of directors provided for in the by-laws of the insurance company was in the offing, and was due to be held January 14, 1946. An attempt was made to stay the election, and on January 7, 1946, we made and entered the following order: "Appellee's motion to stay proceedings pending final hearing in this court will be treated as a motion to stay the annual election of directors scheduled for January 14, 1946; and viewed in that light the relief is granted. The cause is advanced for submission January 28th. In the meantime, no election by stockholders is to be held, and the decree of November 28, 1945, shall temporarily govern the action of the parties not inconsistent with this order." The decree of November 28, 1945, was the decree from which the appeal had been taken, and the effect of the order above copied was to leave appellees in office and in control of the records of the company and to postpone the election.

The cause was submitted as ordered January 28, 1945, and on the following Monday, February 4th, the opinion first above referred to was delivered. Appellants filed a motion praying the issuance of an immediate mandate, to which a response was filed, and on February 18, 1946, this motion was overruled. On February 21st appellees filed a petition for rehearing, which was overruled March 4, 1946.

The policyholders' meeting scheduled to be held January 14, 1946, was held, but no attempt was made at that time to elect officers for the company. Attorneys for opposing litigants were present at this meeting, and after a conference between them, it was computed that March 4, 1946, would be the earliest date on which a meeting could be had following the action of the Supreme Court on the petition for a rehearing, if one were filed by the losing parties, and it was accordingly agreed that the meeting should stand adjourned to March 4, 1946, and minutes were prepared and okayed by opposing

counsel showing that by consent the policyholders' meeting was adjourned to March 4, 1946.

The opinion of February 4, 1946, ousting Dillehay. from office as president of the company, was made final by the order of the court on March 4, 1946, overruling the motion for a rehearing. But in the meantime Dillehay had been active in obtaining proxies from policyholders, and he was present on March 4th at the company's office in West Memphis, with proxies from 8,329 policyholders. This was a clear majority of all the policyholders, there being 10,750 of them àt that time. All of these proxies except about 500 were obtained subsequent to February 6, 1946.

It appears that when policies were issued each applicant executed a proxy with his application, giving the executive committee of the company the right to vote in the name of the applicant, at any regular or special meeting. But these were not the proxies which Dillehay had in his possession. He had proxies revoking the proxies executed with the applications for the policies.

Appellants in the first case who, under the opinion in that case, delivered February 4, 1946, were held entitled to discharge the duties of officers of the company, were not present in person when the meeting on March 4th was held; but their attorneys were present, and the attorneys stated that they were not present for the purpose of participating in the meeting, but were there for the purpose of protesting against holding the meeting, and to ask for adjournment thereof. This protest was in writing and reads as follows:

"The undersigned policyholders of the Security National Life Insurance Company, for themselves and for all others of like positions, object to the holding of, or an attempt to hold, an election of directors of the said company on March 4, 1946, and for reasons therefor say:

"1. That no election can be legally held under the stay order of the Supreme Court of Arkansas in the case of G. L. Jackson, et al., appellants, v. G. L. Dillehay, et al., appellees, number 4-7871, for the reason that the decision of the said court has not become final.

"2. That the individuals attempting to hold said election have no legal authority to conduct an election.

"3. That because of the injunction now in effect, the legally elected directors of said company, namely G. L. Jackson, C. J. Upton, John A. Cooper, E. M. Jackson, and V. E. Gilchrist, cannot at this time exercise the functions legally theirs, and because of such fact the policyholders are denied representation by the directors legally elected at the last election in that the proxies given by certain of the policyholders in their applications to the executive committee and which remain unrevoked may not be voted by anyone at this time; that because of such fact numerous policyholders will be deprived of a vote and voice in the affairs of the company.

"The undersigned ask that their objections be noted and be made a part of the record and that said election be stayed until the decision of the Supreme Court becomes final and said election can be legally called.

"Signed:

> "Charley Upton
> Joe R. Bowen
> Bernard High
> P. M. Dacus
> J. H. Spears
> J. E. Serric
> V. E. Gilchrist
> G. L. Jackson
> John A. Cooper."

This protest was ignored after a telephone conversation with the clerk of the Supreme Court disclosed that a rehearing had been denied. In making that announcement Dillchay stated that it meant that he was out as an officer and director, but that he was still a policyholder, and he proposed that they proceed with the meeting, and to that end he nominated R. C. Hauser, one of the policyholders present, as chairman, and A. H. Goodman, another policyholder present, as secretary, and these persons were unanimously elected.

Hauser took the chair and announced that it was in order to determine what proxies were present, and two

policyholders present were named as tellers to make this examination and report. After examining the proxies which Dillehay had collected and presented, the tellers reportd that 8,329 policyholders were represented by proxies, all of which revoked the proxies given when the applications for insurance were made. In other words, they were new proxies, all but 500 of which had been obtained subsequent to the opinion of this court delivered February 4, 1946, declaring appellants to be the legal officers of the company. It was ascertained and reported that there were 10,759 policies in effect on March 4, 1946, and the proxies collected by Dillehay were a clear majority of that number. A policyholder present stated that he thought an entirely new board of directors should be elected, and he placed the names of five policyholders in nomination, and the votes of all the policyholders present and those of Dillehay's proxies were cast for the persons placed in nomination.

This suit was brought to have this meeting and the election then held adjudged to be illegal. The relief prayed was denied, and from that decree is this appeal.

The question presented is, of course, that of the legality of the meeting. It is undisputed that at this meeting a majority of all the policyholders voted in person, or by proxies, for the election of appellees as directors. It is undisputed that the policyholders' meeting which had convened at the time designated in the by-laws of the company on January 14, 1946, was adjourned, by consent of all parties, to March 4, 1946, and there is no question of lack of notice of the meeting.

The officers of the company who, under the opinion delivered February 4, 1946, were restored to their offices, did not attend the meeting held March 4, 1946. The order of the Supreme Court made March 4, 1946, overruling the petition for rehearing confirmed appellants' title to the offices, yet they did not attend the meeting of which they were fully advised.

The failure of the president, who had been restored to his office, to attend the meeting, and who, if present, would have had the right to preside, did not defeat the

right of the policyholders to hold a meeting. In Hillyer's Corporate Management and By-Laws, § 614, it is said: "In the absence of the president, the vice-president presides. If no one designated in the by-laws to preside is present, those present may select any one of their number to perform that duty." This was done.

Appellants say that the question involved on this appeal is purely one of waiver; "whether or not the appellants in agreeing, under the order of the Supreme Court prohibiting the holding of a policyholders' meeting *pendente lite,* that such meeting should be passed over from January 14 to March 4, 1946, waived the right to contest the validity of the meeting and election when the case had not been finally considered on that date."

Appellants had not waived the right to contest any action at the meeting held March 4, 1946, but they had no right to say that the meeting should not have been held. No attempt was made to show that the proxies held and voted by Dillchay had not been executed in the manner and form required by law and the by-laws of the company, nor is it denied that the policyholders thus represented constituted a majority of all the policyholders. There was full authority to hold the meeting held March 4, 1946. The court order staying the election expired on that date. It is not denied that all parties contemplated that the action of the court would have become final by and not later than March 4th, at which time it would have been finally determined whether appellants were in or were out of office, and so it was. In contemplation of this fact, the regular meeting held January 14, 1946, was by consent adjourned to March 4, 1946. In the interval between the date of the opinion of this court, delivered February 4, 1946, and the date on which that opinion became final on overruling the petition for rehearing, to-wit: March 4, 1946, appellees had been busy collecting proxies. This may not have been good sportsmanship, but we cannot say it was illegal. Appellants might have done the same thing, but they say appellees were in possession of the company's records containing the names and addresses of the policy-

562

holders. There is no contention, however, that appellants were denied access to these records.

It is true no mandate had issued on the order and decree of this court overruling the petition for a rehearing when the meeting was held on March 4th, but it is true also that the restraining order of this court had expired when the meeting was held, and this would have been true though no mandate ever issued. *Bertig Bros.* v. *Independent Gin Co.*, 147 Ark. 581, 228 S. W. 392; *Robeson* v. *Kempner,* 189 Ark. 27, 70 S. W. 2d 37; *Stroud* v. *Crow,* 209 Ark. 820, 196 S. W. 2d 548.

The decree is, therefore affirmed.