Holt *v.* Gregory, *et al.*

5-120                                    260 S. W. 2d 459

Opinion delivered November 9, 1953.

*E. D. McGowen, Bon McCourtney* and *Claude B. Brinton,* for appellant.

*Frank Sloan,* for appellees.

WARD, J.  This is the second appeal in this case. The decision on the first appeal is found in the case of *Holt* v. *Gregory,* 219 Ark. 798, 244 S. W. 2d 951. Many of the facts stated in the opinion on the first appeal will not be repeated in this opinion.

Appellant urges several assignments of error, some of which will be noted later, but most of our consideration will be given to the question of an agreement to apply payments as it relates to the former decision referred to above.

The former decision, without detailing any facts relating to such an agreement, contains this paragraph:

"We hold, in the circumstances here, where there was no agreement to the contrary, that appellee had the right to apply the $1,450 (proceeds from the sale, *supra*) first to the $700 note and the balance on the $2,400 note. The assignee of the bank stood in the shoes of the bank."

At the second trial appellant again introduced the same evidence he introduced at the first trial tending to show that there was an agreement for appellee, Mode Gregory, to apply said sum on the $2,400 note. Without detailing this evidence it suffices here to say that it was sufficient to present a jury question. The trial judge evidently thought, as appellees now earnestly contend, that this issue had been concluded by the above-quoted language from our former opinion, because he refused to allow this question to go to the jury by refusing appellant's instruction pertaining thereto. This situation presents the interesting question before us.

The case of *Missouri Pacific Railroad Co., et al.* v. *Foreman,* 196 Ark. 636, 119 S. W. 2d 747, is called to our attention by appellees in support of their contention that our decision on the first appeal is the *law of the case* on the second trial and that, therefore, the trial judge, on the second trial, correctly excluded the question from the jury. There are other decisions of this court such as *Hartford Fire Insurance Co.* v. *Enoch,* 79 Ark. 475, 96 S. W. 393, and *Hallum* v. *Blackford,* 202 Ark. 544, 151 S. W. 2d 82, which contain language equally as favorable to appellees' contention. We cannot, however, agree with appellees' interpretation of the holdings in these decisions to which reference has been made. Rather, we might say we do not agree with the application which appellees seek to make here. It appears that the confusion arises over what is meant by the phrase "the law of the case." We will illustrate our view by applying the phrase to this case as it relates to our former decision.

It will be recalled that when this evidence regarding an agreement was introduced at the first trial it was con-

sidered by the trial judge (sitting as a jury) and that the trial judge (as a jury) decided it did not prove an agreement. Thus we may say the trial judge made two decisions in this connection. One was that the evidence presented a jury question, with which we agree. The other was that the evidence did not amount to an agreement to apply the payment on the $2,400 note, on which matter we express no opinion because it is a jury question. Our first decision simply said that where there was no agreement, the payee could apply as he saw fit. In this instance, of course, Gregory applied the money, first, to the $700 note. Now, upon the second trial, when the same evidence (as to an agreement) was presented, it again raised an issue for the jury. The *law of the case*, therefore, would dictate, it seems to us, only that the jury should have been instructed not to make a certain finding from the evidence, but to apply the rule of law which we announced (on the first appeal), *i. e.*, if there was no agreement then the payee could apply as he saw fit.

We believe the above explanation will clarify the opinions in the cases above referred to and show them to be harmonious with our expressed view.

For example, in the *Foreman* case the court, at page 639, said:

"This holding of the court on the first appeal becomes the *law of the case* on this appeal, if the evidence shown by the record on this appeal is the same, or substantially the same, as that shown by the record on the first appeal. The evidence on the question of liability on the second trial, we hold, was substantially the same as that on the first trial. Hence, the former opinion to the effect that appellee had made out a case sufficient to go to the jury is *the law of the case* on this appeal, and it is binding on the court upon a consideration of the same question." (Emphasis supplied.)

From the above language it is clear that *the law of the case* means that, on substantially the same evidence, the question should, as here, be resubmitted to the jury.

We have repeatedly and uniformly held that, in law cases, where a case is reversed on one issue, as was the case here, the entire matter goes back for a new trial on all issues. In *Harrison* v. *Trader,* 29 Ark. 85, at page 95, the court approved this language:

"When a judgment is reversed, the rights of the parties are immediately restored to the same condition in which they were before its rendition; and the judgment is said to be mere waste paper."

*Heard* v. *Ewan,* 73 Ark. 513, at page 514, 85 S. W. 240, contains this statement:

"The error was in the trial by jury. The jury cannot be recalled, and the corrected instruction given. The vice of the error destroyed the force of the jury trial, and the point to progress from anew is necessarily the trial itself, and not any given point in the trial. Therefore the case stands when remanded in the attitude it was in just prior to going into the trial."

See, also, *American Standard Life Ins. Co.* v. *Meier,* 220 Ark. 109, 246 S. W. 2d 128. Frequently in chancery cases, but not in law cases, we remand cases for further development on one or more issues. Even if this rule obtained in law cases it would not apply here because we did not, on the first appeal, remand the case for a trial on any certain issue or issues.

Notwithstanding there is language in the *Hartford Fire Insurance Co.* case, *supra,* and the *Hallum* case, supra, which apparently sustains appellees' contention on this issue, yet a careful reading shows they are not contrary to the view we take. In the former case it is stated: "The rule of *the law of the case* has no application to questions of fact, and nothing said on a former appeal as to the facts can bind the trial court upon a second trial, or can be conclusive on a second appeal." The latter case discusses the same issue which is before us and *the law of the case* was considered, but the effect of the holding was that if certain evidence was sufficient to make a jury question at the first trial the same evi-

dence at the second trial, after a reversal, would also make a jury question.

We therefore conclude that the trial court in this instance should have allowed the jury to consider the question whether there was an agreement to apply the payments.

In support of the conclusion we have reached we call attention to another aspect of the case. As stated previously, on the first appeal the opinion did not set out the evidence which the trial court (as a jury) concluded was not sufficient to amount to an agreement for application of payments. Since we did not detail the evidence it is unreasonable to say we meant to pass on the sufficiency of the evidence. It is more reasonable to say we only meant to express enough facts to make clear the declaration of law there announced. This court recognized and approved the same idea we have expressed in *Mayo* v. *Arkansas Valley Trust Co.*, 137 Ark. 331, 209 S. W. 276, where it was said:

"It is true that we made certain observations concerning the facts as we understood them from the record, but that was not intended as an adjudication of the facts, but merely as a statement for the purpose of forming a basis for announcing the law on the subject."

Appellant complains that the court erred in rejecting certain portions of his testimony relative to the value of the restaurant equipment, and in not directing a verdict for the value of two fans and some equipment alleged to have been disposed of by appellees. In our opinion, whatever error, if any, the court may have committed in rejecting the said testimony was harmless because we find in the record no evidence to support appellant's allegation that there was a conversion by appellees. For the same reason appellant was not entitled to an instructed verdict on the other matters even though, as contended by him, the value was admitted.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Justice McFADDIN dissents.