PALMER *v.* SANDERS.

5-2299                                      342 S. W. 2d 300

Opinion delivered January 23, 1961.

*J. B. Milham,* for appellant.

*John L. Hughes,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a suit for conversion of certain timber by a tenant in common. In 1930 A. B. Smith died leaving as his heirs eight children who took as tenants in common certain land (40 acres) of which he was seized. The appellant, Celestia Palmer, was an older daughter of Mr. Smith and after her father's death she remained upon the premises, paid the taxes, cared for said land for more than twenty-five years, claiming it as her own. In 1959 the appellant sold the standing timber upon 20 acres of the tract for the sum of $3,000.00 and refused to pay her sister and tenant in common, Mrs. Annie Sanders, a proportionate share of the proceeds of the sale. Mrs. Sanders, appellee, filed suit against the appellant for conversion of the property and asked as damages one-eighth of the proceeds of the sale. Mrs. Palmer answered

with a general denial and set up as a defense that she had gained title to the property through open adverse, hostile and continuous possession of the tract of land, occupying it as her home and having paid the taxes thereon for more than twenty-five years.

The cause was submitted to the court sitting as a jury and in its findings of fact the court said: ''That the facts are uncontroverted that the defendant sold the timber from the lands which the legal title was in plaintiff and defendant as tenants in common. The defendant Palmer set out in her answer several equitable matters which the court advised her would not be considered, prior to the time of taking testimony herein. This court has no authority to examine further than as to the bare legal title to the lands; and in the absence of a finding of any court of acquired title by adverse possession, this court cannot consider this question.'' The court, believing it could not consider the appellant's defense of adverse possession, rendered judgment against the appellant in the amount of $375.00. This appeal followed.

For reversal the appellant relies upon three points but since our answer to the first point raised is decisive of the case, we discuss only this first point.

It thus appears that the trial court was of the opinion that the defense of adverse possession was not available to the defendant (appellant here — Mrs. Palmer) for the reason that the circuit court was without authority to examine further than as to the bare legal title to the land and since the defense of adverse possession is an equitable action and appellant's attorney did not move to transfer the cause to equity, he could not assert it at law. We hold that this was error. Ark. Stats. (1947), § 37-101 makes adverse possession applicable to causes both at law and in equity. Adverse possession goes to title and a title acquired by adverse possession is a title in fee simple and as perfect a title as one by deed from the original owner, *Stricker* v. *Britt,* 203 Ark. 197, 157 S. W. 2d 18. Ordinarily whether adverse possession has been established is a question of

fact for the jury, *Lowe* v. *Cox,* 210 Ark. 169, 194 S. W. 2d 892 and *Couch* v. *Adams,* 111 Ark. 604, 164 S. W. 728. In the present case whether there was a conversion or not ultimately depended upon whether Mrs. Palmer (appellant) owned the fee. If she did own the fee there was no conversion. Whether she held title to the fee depended upon whether she had acquired title by adverse possession. The court should have allowed her to present her evidence on the question of adverse possession and it was error not to do so.

This court has, in a continuous line of cases, from its early beginnings held that equitable matters could be held in a court of law if no motion is made to transfer the cause to the chancery court. Here no motion was made to transfer to chancery. In *Marsh* v. *Erwin,* 155 Ark. 371, 244 S. W. 441, we find this language: ". . . equitable defenses may be interposed and tried in actions at law, if no motion is made to transfer the cause to the chancery court." Citing *Trulock* v. *Taylor,* 26 Ark. 54; *Nichols* v. *Shearon,* 49 Ark. 75, 4 S. W. 167, and *Gates* v. *Gray,* 85 Ark. 25, 106 S. W. 974.

Accordingly, the judgment is reversed and the cause remanded.