PALMER *v.* CARDEN, CHANCELLOR.

5-3575                                                389 S. W. 2d 428

Opinion Delivered April 26, 1965.

*J. B. Milham,* for Petitioner.

*Kenneth Coffelt* and *John L. Hughes* for Respondent.

CARLETON HARRIS, Chief Justice. This is a petition for a writ of prohibition. Celestia S. Palmer, petitioner herein, and Annie S. Sanders are sisters, and are two of the heirs of A. B. Smith, Sr., deceased. Smith, at the time of his death, was the owner of certain land in Saline County. In 1960, Annie S. Sanders instituted suit against petitioner and Huel Hester for $375.00, Mrs. Sanders contending that she was the owner of an undivided one-eighth interest in the land, and asserting that Celestia S. Palmer had sold timber on the land to Hester for $3,000.00, and had not accounted to her (Mrs. Sanders) for her share.

The Circuit Court of Saline County, sitting as a jury, rendered judgment for $375.00 against both petitioner and Hester. Mrs. Palmer appealed to the Supreme Court, but Hester did not. On appeal, this court reversed the Circuit Court, and remanded the cause. See *Palmer v. Sanders,* 233 Ark. 1, 342 S. W. 2d 300. The mandate was left in this court, where it still remains, and no further action was ever taken in that case. In October, 1962, Annie S. Sanders, and other heirs of A. B. Smith, instituted a new suit against Celestia S. Palmer and others, in the Chancery Court of Saline County, wherein the heirs seek to partition the lands, and also seek $500.00 damages for the wrongful cutting of timber. Celestia S. Palmer filed a motion to dismiss this complaint, insofar as any rights allegedly held by Annie S. Sanders were concerned, upon the grounds that the Chancery Court did not have jurisdiction of the cause of action. Appellant says, ''The question for this court to decide is, can Annie S. Sanders legally file a new suit in the Chancery Court for the same damages she sued for in the Circuit Court?'' It is also asserted that the Circuit Court suit is *res judicata* as to the present suit in the Chancery Court. The Chancellor overruled the motion to dismiss as to Annie S. Sanders, and petitioner now here seeks a writ of prohibition to prevent the Chancellor ''from proceeding further in said cause, so far as it affects the plaintiff, Annie S. Sanders, and for all other proper relief.''

We do not agree that the Chancery Court was without jurisdiction. For one thing, relief was sought in this case that was not sought in the Circuit Court suit, *i.e.,* partition of the lands. It is true that the damages include the same damages that were sought in *Palmer v. Sanders, supra,* but there is no jurisdiction in the Circuit Court at the present time. Ark. Stat. Ann. § 27-2144 (Repl. 1962) provides:

''The Supreme Court may reverse, affirm or modify the judgment or order appealed from, in whole or in part and as to any or all parties, and when the judgment or order has been reversed, or affirmed, the Supreme Court may remand or dismiss the cause and enter such judgment

upon the record as it may in its discretion deem just; provided, when a cause is affirmed, or reversed and remanded, the mandate must be taken out and filed in the court from which the appeal was taken by the plaintiff or defendant within one [1] year from the rendition of the judgment, affirming or reversing the cause, and not thereafter; and immediately upon the expiration of the period of one [1] year after the judgment of reversal is entered, when the mandate is not taken out, the clerk of the Supreme Court shall upon application of the party entitled thereto issue an execution for all costs accrued up to the date of reversal in the Supreme Court and in the Court from which said cause has been appealed.''

In *Robeson* v. *Kempner,* 189 Ark. 27, 70 S.W. 2d 37, we said, in discussing this statute,

''If the prevailing litigant desires to invoke the aid of the court from which the appeal came to enforce the judgment, he *must file the mandate in the court within twelve months* * * *.''[1]

We then went on to discuss the next section,[2] and held that *this* court still had power to enforce its judgment, whether the mandate issued or not, though the decision makes clear that the trial court, after twelve months, could acquire no further jurisdiction in the case. Of course, since we reversed *(Palmer* v. *Sanders),* rather than affirmed, there was nothing for this court to enforce. The result is simply that Mrs. Sanders was therefore free to institute her suit in any court of competent jurisdiction. No one would dispute that the Chancery Court has jurisdiction of the subject matter of the complaint.

Likewise, we do not agree that the first suit, and disposition of same, is *res judicata* as to the issue raised in the Chancery law suit, for it is obvious that *no rights were determined in Palmer* v. *Sanders, supra.* This court reversed the trial court judgment in that case, and remanded the cause, and we have said, on numerous occasions, that, when a judgment is reversed and remanded for new trial,

[1] Emphasis supplied.
[2] Presently Ark. Stat. Ann. § 27-2145 (Repl. 1962).

the case stands as if no action at all had been taken by the trial court. This was first stated as far back as 1874 in the case of *Harrison* v. *Trader and Wife,* 29 Ark. 85. In that case, we quoted language from the case of *Simmons* v. *Price,* 18 Alabama 405, as follows:

"When a judgment is reversed, the rights of the parties are immediately restored to the same condition in which they were before its rendition; and the judgment is said to be mere waste paper."

Since that time, we have had occasion to reiterate this statement many times. See *Hartford Fire Ins. Co.* v. *Enoch,* 79 Ark. 475, 96 S.W. 393; *Holt* v. *Gregory, et al,* 222 Ark. 610, 260 S.W. 2d 459. See also 50 C.J.S. Judgments, Paragraph 625, where it is stated:

"When a judgment has been reversed on appeal, or vacated or set aside by the court which rendered it, it is deprived of its conclusive character, and thereafter it no longer stands as a bar to a further suit on the same cause of action * * *."

There are other reasons why prohibition does not lie, but the aforementioned citations are sufficient to demonstrate that such an order would be inappropriate.

Writ denied.