## PIGGOTT JUNIOR CHAMBER OF COMMERCE *v*. Charlie HOLLIS et al

75-96                                    528 S.W. 2d 915

Opinion delivered October 20, 1975
[Rehearing denied November 24, 1975.]

*C. W. Knauts,* for appellant.

*C. Joseph Calvin* and *E. L. Hollaway,* for appellees.

CONLEY BYRD, Justice. This litigation involving the right of the appellant, Piggott Junior Chamber of Commerce to lease county property has been before us on two previous occasions — see *Piggott Junior Chamber of Commerce v. Hollis,* 242 Ark. 205, 412 S.W. 2d 595 (1967) and *Hollis v. Piggott Junior Chamber of Commerce,* 248 Ark. 725, 453 S.W. 2d 410 (1970). Following the last reversal, the matter came on for hearing in circuit court without the mandate from this court having been filed within the time limited by Ark. Stat. Ann. § 27-2144 (Repl. 1962) and Ark. Stat. Ann. § 27-2145 (Repl. 1962). Because of the failure to file the mandate within the twelve months limited by those statutes, the trial court was without jurisdiction to enter the order from which this appeal was taken. See *Robeson v. Kempner,* 189 Ark. 27, 70 S.W. 2d 37 (1934) and *Palmer v. Carden, Chancellor,* 239 Ark. 336, 389 S.W. 2d 428 (1965).

The appellees, to sustain the lack of jurisdiction in the trial court, contend that the issue was waived because it was not raised in the trial court. Appellees rely upon the cases of *Bertig Bros. v. Independent Gin Co.,* 147 Ark. 581, 228 S.W. 392 (1921) and *Union Nat'l Bank of Little Rock v. Smith,* 240 Ark. 354, 400 S.W. 2d 652 (1966), for the proposition that the failure to file the mandate could be waived. However, in those cases the one year limitation had not expired when the parties waived the filing of the mandate, whereas in this case there was a lapse of over four years. Consequently, it follows that the trial court was without jurisdiction to enter the order of December 30, 1974.

Reversed and remanded with directions to set aside the order of December 30, 1974, as having been entered without jurisdiction.