The Honorable Steve Bell State Senator 500 E. Main Suite 208 Batesville, Arkansas 72501
Dear Senator Bell:
This is in response to your request for an opinion on a tax situation in the Newark School District. You have enclosed a letter from Newark School District Superintendent Dean Fugett, which explains that the District has received notification of a reduction in tax utility assessment which resulted from a purchase by the City of Jonesboro of a "large percentage of Entergy Power, Inc., which is a part of the power company located in Newark, in Independence County." Because municipalities are exempt from taxation, the letter explains, the City of Jonesboro "would not have to pay taxes on that portion which they now own." Mr. Fugett's letter goes on to explain the problems this situation creates with regard to the School District's finances, including the ability of the District to meet existing debt obligations, and the possibility of a mandatory millage rate increase to meet the requirements of Amendment 74.
You have asked that I address the question posed in the next to last paragraph of Mr. Fugett's letter, wherein he asks for a determination of whether a "municipality can purchase utilities outside its corporate area with tax exempt status."
I must note, as an initial matter, as I do with all tax exemption questions, that the authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax exempt is a factual question to be answered in the first instance by the assessor, or other proper assessment official, and pursued thereafter through the judicial process. It must be determined on a case-by-case basis, following a review of all the pertinent facts, whether the property in question is "public property used exclusively for public purposes."
Although the question of whether the property described in Mr. Fugett's letter is tax-exempt as a legal and constitutional matter is not one which I can determine in an Attorney General's opinion, I can inform you as to the most relevant law addressing the matter. The application of this law to the actual facts surrounding the property described, however, must be determined by a factfinder after reviewing all the pertinent evidence.
Very few facts are included in Mr. Fugett's letter regarding the extent and nature of the City of Jonesboro's ownership interest in the subject property, or the use to which this property is put. It appears that the purchase of the property may have been undertaken pursuant to A.C.A. §§ 14-202-101 to -123 (1987), which is entitled the "Joint Municipal Electric Power Generation Act." This act authorizes a municipality to acquire or maintain an interest in a major utility facility jointly with one or more municipalities or with one or more public utilities. See A.C.A. §14-202-103(a)(1). The act authorizes such acquisition "whether the major utility facility is located entirely or partly within, or wholly without, a municipality." A.C.A. § 14-202-102(10). Other sections of the subchapter authorize a municipality to sell excess capacity and exchange and transmit power to other cities.See §§ 14-202-105 and -107.[1] Finally, section14-202-120(b) provides as follows:
 (b) Any interest in a project of a municipality shall be exempt from all state, county, and municipal taxes, including property, income, inheritance, and estate taxes.
If the purchase and maintenance of the project was undertaken pursuant to these statutes, therefore, a tax exemption for the property is provided by law. The Arkansas Supreme Court has stated, however, that notwithstanding the provisions of an applicable statute, the right of exemption from taxation must be found in the Constitution, because art. 16, § 6 so provides.[2] See Missouri Pacific Hospital Association v.Pulaski County, 211 Ark. 9, 199 S.W.2d 329 (1947); Brodie v.Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893); and Ex ParteGaines, 56 Ark. 227, 19 S.W. 602 (1892).
It is thus up to the appropriate assessment officials, and ultimately a judicial tribunal, if necessary, to make a determination as to whether the subject property comes within the terms of the statute and the Arkansas Constitution. As stated above, such a determination involves the establishment of facts, and is beyond the scope of an Attorney General's opinion.
I will note one final statute, however, which may be of interest on the question. Section 14-199-102(a)(1) of the Arkansas Code provides that:
 Upon approval of the governing body of a municipality, a utility owned by the municipality may compensate annually a public school district in which the utility is wholly or partly located in an amount not to exceed the amount the utility would pay in taxes if it were subject to taxation.
Additional requirements concerning these "payments in lieu of taxes" are set out in the statute.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There appears to be some allegation that the sale of excess power by the City of Jonesboro to other municipalities defeats the public purpose of the City's ownership interest for tax exemption purposes. Guidance on this question may be garnered from the case of Yoes v. City of Fort Smith, 207 Ark. 694, 182 S.W.2d 683
(1944), in which it was held that a Fort Smith waterworks facility owned in a separate county was tax-exempt despite the fact that the City sold excess water to other municipalities. Of course, the application of this holding to the facts surrounding the property owned by the City of Jonesboro would require an analysis of all surrounding facts.
[2] Arkansas Constitution, art. 16, § 5 sets out the property which is exempt from taxation, including "public property used exclusively for public purposes." Article 16, § 6 provides that: "All laws exempting property from taxation other than as provided in this Constitution shall be void."