The Honorable Morril Harriman State Senator 522 Main Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request, on behalf of Stephen Peer, City Attorney of Mountainburg, for an opinion on the constitutionality of A.C.A. 14-234-115. Mr. Peer, in his letter, recites the facts as follows:
 Since the mid-1930's, the City of Fort Smith, located in Sebastian County, has owned and operated a water impoundment system in neighboring Crawford County near the City of Mountainburg and lying within the Mountainburg Public School District. The City of Fort Smith has not paid property taxes on the property used for the impoundment.
Mr. Peer inquires as to the constitutionality or other validity of A.C.A. § 14-234-115, which provides as follows:
 (a) Cities of the first class owning a water impoundment in excess of one thousand two hundred fifty (1,250) acres in a county other than the county in which the city is located shall pay to the school districts wherein their water impoundments are located, in lieu of property tax on the water impoundments, an annual amount equal to the property taxes the cites would pay to such school districts were their water impoundments not exempt from property taxation.
 (b) It is declared to be the intent of the General Assembly to afford school districts located in counties where there is no corresponding benefit from the water impoundment a means of recovering lost revenues due to the impoundment.
Mr. Peer states that for purposes of this opinion, I am to assume that the water impoundment in question is in excess of 1,250 acres. Mr. Peer also asks, if the statute is valid, for how many preceding years the tax payments can be collected.
It is my opinion, for the reasons that follow, that the statute is constitutionally suspect.
Some background information will be helpful in understanding the issue. As an initial matter, it appears, although the issue is ultimately one of fact, that the water impoundment in question is constitutionally exempt from property taxation. This very issue was decided by the Arkansas Supreme Court in 1944. In the case of Yoes v. City of Fort Smith,207 Ark. 694, 182 S.W.2d 683 (1944), the Crawford County taxing authorities attempted to tax a lake and waterworks plant owned by the City of Fort Smith. The City obtained an injunction against taxation in the lower court, and the Crawford County authorities appealed. The lake in question was said to be in Crawford County "about twenty-five miles from Ft. Smith," and was constructed for the purpose of "furnishing the inhabitants of Ft. Smith an adequate supply of water." Id. at 695. The court upheld the injunction, and held that the City of Fort Smith did not lose its tax exemption by virtue of the fact that it: 1) sold surplus water to other cities and to Camp Chaffee; and 2) charged the public for use of a swimming pool and bath house. Assuming, therefore, that the facts with regard to this impoundment have not changed substantially since the rendering of the Yoes decision, it appears that the water impoundment in issue is constitutionally exempt from property taxation.
The next issue is to determine the validity of the statute in question. Section 14-234-115 was enacted in 1981, and requires that certain cities, in this case the City of Fort Smith, make "payments in lieu of taxes" or "PILOTS" as they are sometimes called, to the school districts in which the water impoundments lie. The payments are to be in an amount equal to the property taxes the city would pay if the property were not tax exempt. Similar statutes regarding payments in lieu of taxes are fairly common where the payments are left to the discretion of the public owner of the property; that is, in most cases the payments are permissive, not mandatory. See, e.g., A.C.A. § 14-199-102(a)(1), as citedin Op. Att'y. Gen. 97-266. The statute at issue herein (A.C.A. §14-234-115), is the only one my research has revealed which makes the payments mandatory.
A question thus arises as to whether the legislature, through a properly passed act, may constitutionally require a city to pay a school district a sum of money equal to property taxes, on city-owned property, when the property in question is constitutionally exempt from taxation. It is my opinion that in all likelihood it may not.
It is of course axiomatic that the General Assembly possesses all legislative power and is constrained in that exercise only by the provisions of the state and federal Constitutions. Wells v. Purcell,267 Ark. 456, 592 S.W.2d 100 (1979); Adams v. Spillyards, 187 Ark. 641,61 S.W.2d 686 (1933). It is only when legislation expressly, or by necessary implication, violates a provision of one of those documents that the legislation will be struck down as unconstitutional. North Little RockTransp. Co. v. City of North Little Rock, 207 Ark. 976, 184 S.W.2d 52
(1945). Bush v. Martineau, 174 Ark. 214, 295 S.W. 9 (1927). On the other hand, it has been held with regard to property tax exemptions that notwithstanding the provisions of an applicable statute, the right of exemption from taxation must be found in the Constitution, because art. 16, § 6 so provides. Missouri Pacific Hospital Association v. PulaskiCounty, 211 Ark. 9, 199 S.W.2d 329 (1947); Brodie v. Fitzgerald,57 Ark. 445, 22 S.W. 29 (1893); and Ex Parte Gaines, 56 Ark. 227,19 S.W. 602 (1892).
The relevant sections of the Arkansas Constitution provide that: "public property used exclusively for public purposes" "shall" be exempt, and that "[a]ll laws exempting property from taxation other than as provided in this Constitution shall be void." Arkansas Constitution, art. 16, §§ 5 and6. The question presented in this case is somewhat the converse, and that is whether a law taxing property which is otherwise exempt is also void under our Constitution.
I have found no Arkansas case addressing this point. The courts of several other states have addressed similar questions, however, and appear in each case to strike down the levy. As stated in Nebraska PublicPower District v. Hershey School District, 207 Neb. 412, 299 N.W.2d 514
(1980):
 Some historical background is appropriate. The original enabling act providing for the creation and operation of public power districts in Nebraska was enacted in 1933. Thereafter, protests arose over the loss of tax revenue which would be sustained by the state and its various governmental subdivisions if tax exempt public power districts acquired the taxable properties of privately owned electrical facilities. The Legislature then enacted statutes which required any public power district which acquired property of an existing privately owned utility to make payments `in lieu of taxes' to the various taxing entities in amounts equal to those paid by the private utility. . . .
 In the years that followed, case law in Nebraska and elsewhere raised substantial questions as to whether mandatory payments in lieu of taxes constituted an indirect attempt to tax public property which was otherwise exempt from taxation under the Constitution.
299 N.W.2d at 516.
In Nebraska, the voters responded to the problem by amending the Constitution to allow such payments. The Nebraska case cited above, goes on to construe the new constitutional provision and to decide whether it had been violated.
In Idaho, a statute provided for "payments in lieu of taxes" to be made to the counties by the state Fish and Game Department on land it owned. The Idaho Supreme Court struck down the statute, stating that: "Chapter 85 appears to be an effort to provide by indirection for taxation by the counties of state lands. It seeks to accomplish the same result as taxation." Robb v. Nelson, 71 Idaho 222, 229 P.2d 981, 983 (1951). The court also stated that: "Under our constitutional provision, the legislature cannot, either directly or indirectly, tax or authorize the taxation of public property, or provide for the same result, and cannot waive the exemption provided for in the constitution and voluntarily pay taxes on public property." Id. at 984. See also, to the same effect,Lower Colorado River Authority v. Chemical Bank Trust Co.,144 Tex. 326, 190 S.W.2d 48 (1945) (stating: "LRCA is a governmental agency servicing a public purpose in controlling and storing the flood waters of the Colorado River and that all benefits derived from its efforts are public benefit. Hence, its property is public property devoted exclusively to public use and is exempt from taxation under Art. XI, Sec. 9, of the constitution; and the proviso contained in Sec. 4a, Art. 7150, supra, requiring payments `in lieu of taxes,' is void because contrary to the Constitution").
It is my opinion that the Arkansas Supreme Court, if faced with the question, would similarly conclude that A.C.A. § 14-234-115 is, by necessary implication, contrary to the Arkansas Constitution. In my opinion, therefore, the statute is constitutionally suspect.
In light of this conclusion, an answer to the remaining question, concerning the number of years past tax payments may be recovered, is unnecessary.[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It is also unnecessary to address the constitutionality of the statute as constituting "special or local legislation" under Amendment 14 to the Arkansas Constitution.