Isaac COLBERT *v.* STATE of Arkansas

CR 01-420                                                    55 S.W.3d 268

Supreme Court of Arkansas
Opinion delivered September 27, 2001
[Petition for rehearing denied October 25, 2001.]

*Law Offices of Charles M. Kester, PLC,* by: *Charles M. Kester,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Valerie L. Kelly,* Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. In 1999, Isaac A. Colbert was found guilty of possession of a controlled substance with intent to deliver and simultaneous possession of drugs and a firearm. He was sentenced to two consecutive terms of life imprisonment in the Arkansas Department of Correction. In a previous appeal, Mr. Colbert challenged the intent-to-deliver conviction alleging that the search of his car had been unconstitutional, and the evidence from that search should have been suppressed. We agreed and reversed and remanded. *Colbert v. State,* 340 Ark. 657, 13 S.W.3d 162 (2000) (*Colbert I*). On remand, the trial court ruled that a new trial was not required on the simultaneous-possession conviction because it had not been challenged on appeal; and, therefore, the conviction on that count had not been reversed. Mr. Colbert now appeals that ruling by the trial court and argues that when this court reversed and remanded in *Colbert I,* we reversed the simultaneous-possession conviction as well as the intent-to-deliver conviction. We disagree and affirm.

The facts in Mr. Colbert's original trial were set out in detail in the first appeal and need not be repeated in their entirety here. *Colbert I,* 340 Ark. 657, 12 S.W.3d 162. On March 18, 1999, a search warrant was issued to search Mr. Colbert's house based on information from a confidential informant who had purchased crack cocaine at Mr. Colbert's house in Prescott, Arkansas. Law enforcement officers went to his house to execute the warrant.

However, when they drove up to his house, they saw that his car was not there, so they decided to drive around Prescott and look for Mr. Colbert's car. Eventually, the officers spotted his car, pulled him over, and placed him under arrest after finding cocaine and a crack pipe in his car. The officers then executed the search warrant at his house and recovered $110.00, a .22 pistol, a .22 rifle with scope, a 12-gauge shotgun, approximately 45 rounds of .22 ammunition, and a paper towel containing two rocks of cocaine totaling .576 grams in the butter tray of the refrigerator. Mr. Colbert was charged with possession of a controlled substance with intent to deliver and with simultaneous possession of drugs and a firearm. After the trial court denied Mr. Colbert's motion to suppress the evidence seized from his car, the case proceeded to trial. Mr. Colbert was convicted and sentenced to life in prison on each of the two counts.

In *Colbert I*, Mr. Colbert appealed his conviction arguing that the trial court erred in denying his motion to suppress the evidence seized from his vehicle. 340 Ark. 657, 13 S.W.3d 162. We reversed and remanded because the initial stop of his car was constitutionally invalid and because the trial court's admission of the cocaine seized from his car was not harmless error. *Id.* We also noted in *Colbert I* that Mr. Colbert did not "challenge the execution of the search warrant at his home or his conviction on the simultaneous possession charge." 340 Ark. at 660, 13 S.W.3d at 164. In fact, he would have been barred from raising a challenge to the search warrant on appeal because he failed to raise that issue before the trial court. If an issue is not raised at trial, it will be waived on appeal even if it involves a constitutional argument. *Friar v. State*, 313 Ark. 253, 854 S.W.2d 64 (1993).

On remand, the trial court scheduled the case for a new trial. During pretrial hearings, however, the State moved to *nolle prosequi* the charge of possession of a controlled substance with intent to deliver. The trial court granted the State's motion and then ruled that a new trial was not necessary on the simultaneous-possession charge because Mr. Colbert had not challenged his conviction on that charge in the first appeal. Furthermore, the trial court ruled that the life sentence imposed for simultaneous possession of drugs and a firearm was a valid sentence.

■ In the instant appeal, Mr. Colbert contends that the trial court's ruling that a new trial was not necessary violated his constitutional right to an impartial trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 2, section 10, of the Arkansas Constitution. Furthermore, he suggests that when this court "reverses and remands" without further instructions, the reversal applies to the entire case. In support of this argument, he cites a long line of civil cases for the proposition that "[w]hen a judgment is reversed and remanded for a new trial, the case stands as if no action at all had been taken by the trial court." *Palmer v. Carden*, 239 Ark. 336, 338-39, 389 S.W.2d 428, 430 (1965). *See also, Lowe v. Morrison*, 270 Ark. 668, 606 S.W.2d 659 (1980); *Clark v. Arkansas Democrat Co.*, 242 Ark. 479, 413 S.W.2d 629 (1967); *Holt v. Gregory*, 222 Ark. 610, 260 S.W.2d 459 (1953). Mr. Colbert, however, fails to recognize that such a proposition is clearly inapposite in a criminal case where the defendant does not object to the admission of evidence before the trial court, and, as a result, the defendant is procedurally barred from arguing on appeal for the reversal of the conviction supported by that evidence.

■ In his trial, Mr. Colbert did not object to the validity of the search of his home or to the admission of evidence seized from that search. The evidence seized from the search of his home supported his conviction for simultaneous possession of drugs and a firearm. Without an objection to that evidence below, he did not preserve for appeal a challenge to the admissibility of the drugs and guns seized at his home and his resulting conviction for simultaneous possession. Because Mr. Colbert could not raise a challenge to his simultaneous-possession conviction on appeal, the reversal in *Colbert I* applied only to the conviction for possession of a controlled substance with intent to deliver.[1]

---

[1] The State asserts in its brief that the law-of-the-case doctrine should govern this appeal. We disagree. The doctrine precludes the trial court on remand from considering and deciding questions that were explicitly or implicitly determined on appeal. *King v. State*, 338 Ark. 591, 999 S.W.2d 183 (1999); *Camargo v. State*, 337 Ark. 105, 987 S.W.2d 680 (1999); *Foreman v. State*, 328 Ark. 583, 945 S.W.2d 926 (1997). As previously mentioned, Mr. Colbert was procedurally barred in his first appeal from challenging the admission of evidence that supported his simultaneous-possession conviction. Thus, because that issue was not before this court in the first appeal, it was not expressly or implicitly determined in *Colbert I*.

*Rule 4-3(h) Compliance*

The transcript of the record in this case has been reviewed in accordance with Ark. Sup. Ct. R. 4-3(h) which requires, in cases in which there is a sentence to life imprisonment or death, that we review all prejudicial errors in accordance with Ark. Code Ann. § 16-91-113(a) (1987). None has been found.

Affirmed.