The Honorable Shirley Walters State Representative Post Office Box 1876 Greenwood, Arkansas 72936-1876
Dear Representative Walters:
I am writing in response to your request for my opinion on the following question:
 Can a county continue to tax a property owner for the portion of their property that has been taken by the county under adverse possession to be used as a county road?
RESPONSE
In my opinion, a definitive answer to your question depends upon how title to the property is held. You have not provided specific information in this regard, and I must, therefore, speculate as to the possible scenarios. Your use of the term "adverse possession" would indicate that the county has title to the property. See Palmer v.Sanders, 233 Ark. 1, 2, 342 S.W.2d 300, 301 (1961). Generally, however, the term adverse possession applies in a private setting and is rarely applicable to a government taking.[1] Moreover, your reference to the use of the property for a county road suggests that perhaps the county merely has an easement over the property. If the county merely took an easement over a portion of the property, the owners would retain title to that portion and it would remain taxable. On the other hand, if the county actually took a fee simple in a portion of *Page 2 
the property by adverse possession, that portion would become exempt from taxation in the following tax year.
With regard to the possibility that the county took an easement over the property, it must be noted that an easement is an interest which relates to land owned by someone else.[2] The holder of an easement does not receive any interest in the owner's land itself, but instead enjoys the right to limited use of that land. See 25 Am. Jur. 2d, Easements andLicenses, § 1.
Arkansas Code Annotated § 26-3-201 states: "All property, whether real or personal, in this state . . . shall be subject to taxation." It has long been held that only property specifically exempted is not subject to taxation. See Garland County v. Gaines, 56 Ark. 227, 19 S.W. 602
(1892). I am not aware of any provision of Arkansas law that makes privately owned land subject to a public easement tax exempt.
Accordingly, in my opinion, if the county merely took an easement over a portion of the property, the title to that portion would remain with the private owner and the entire property would remain taxable.
The presence of an easement could, however, possibly affect the amount of taxes due on the property. While an easement is not considered a lien, an easement which has a material effect on the owner's use or enjoyment of the land is considered an encumbrance on the title. See 25 Am. Jur. 2d, Easements and Licenses, § 1. Because an easement encumbers property, it could affect the property's value. The Arkansas Constitution requires assessment of property to be *Page 3 
made on the basis of value. Ark. Const. Art. 16, § 5. The value of real property is its true market value as of January 1. See A.C.A. §§ 26-26-1201-1202. For this reason, a change in property's value due to the presence of an easement could theoretically change the amount of taxes due on the property. However, depending on the nature of the easement, the resulting change in property value (if any) and, therefore, the tax consequences might be very minimal.[3]
On the other hand, if a portion of the property was taken by the county in fee simple, then title to that portion would rest with the county. Arkansas Code Annotated § 26-3-301 provides that "[a]ll property, whether real or personal, belonging exclusively to any county of this state" is exempt from taxation. For this reason, the portion of the property taken by the county would become tax exempt.[4]
Generally speaking, however, when an exempt entity (such as a county) obtains property from a non-exempt entity (such as a private owner) after the first Monday in January, the property is not exempt in that tax year. See Op. Att'y Gen. 2008-023; 94-302; 92-189; and 81-022. The reason for this rule is that the "lien-date" for property taxes is the first Monday in January. See A.C.A. § 26-34-101(b). As a result, my predecessor in office opined:
 [T]he manner in which real property taxes are assessed and collected depends upon the status of the property as of the first day of January. Arkansas law does not contain a provision which would allow taxes to be assessed only for the portion of the year in which a taxable organization holds the property.
Op. Att'y Gen. 86-494.[5] *Page 4 
Thus, if the county took the property in fee simple by adverse possession, the property would not become tax exempt until the year following the tax year in which it was taken. For this reason, it is quite possible that taxes were owed on the property at the time it was taken by the county.
It is my opinion that the county is responsible for paying any such taxes. Typically, when property changes hands, liability for the taxes is "a proper matter of contract between the buyer and seller." Op. Att'y Gen. 2008-023 quoting Op. Att'y Gen. 92-189. However, if this was indeed a case of adverse possession, there obviously would be no contract. Moreover, there would be no warranty deed. Op. Att'y Gen. 94-302 states that when no warranties have been made regarding title to property, the one taking title (in that instance the city) is responsible for any outstanding tax liability. For this reason, it is my opinion that if the county took the portion of the property in question in fee simple by adverse possession, the county is responsible for any tax liability that was existing when it took the property and may not charge the former owners for the same.
After the year in which the property was taken, the property would be considered tax exempt and no further tax liability would accrue.
As you can see, a conclusive resolution of your question will depend largely upon the issue of title. While I lack sufficient information to conclusively resolve the matter, the foregoing is offered in an attempt to address the possible scenarios.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] Private property taken by the government is generally taken through eminent domain, which involves the payment of just compensation to the property owner. If, upon further reflection, you believe that the property in question was taken by eminent domain rather than adverse possession, please refer to Op. Att'y Gen. 2008-023 for discussion relevant to your inquiry.
[2] It seems possible that the interest taken by the county was a prescriptive easement. The law on prescriptive easements was set forth by the Arkansas Supreme Court in the case of Fullenwider v.Kitchens, 223 Ark. 442, 446, 266 S.W.2d 281, 283 (1954):
 A consideration of the many opinions of this court regarding the acquisition of a right of way over lands makes it clear, in our opinion, that no real conflict exists. All our opinions are in harmony on one point, viz.: Where there is usage of a passageway over land, whether it began by permission or otherwise, if that usage continues openly for seven years after the landowner has actual knowledge that the usage is adverse to his interest or where the usage continues for seven years after the facts and the circumstances of the prior usage are such that the landowner would be presumed to know the usage was adverse, then such usage ripens into an absolute right.
It is possible for a county road to be established by prescriptive easement, regardless of whether the county court has issued a formal order. See Op. Att'y Gen. 99-254. It is worth noting that where a road is taken by prescription, no compensation is required. See Johnson v.Wylie, 284 Ark. 76, 679 S.W. 2d 198 (1984).
[3] The extent to which the existence of an easement reduces the taxable value of property would be a question of fact to be determined by the tax assessor. A taxpayer who disagrees with a proposed assessment may seek administrative relief pursuant to A.C.A. § 26-18-404. It should be noted that the taking of a portion of one's land for public use can sometimes actually enhance the value of the remaining property. See,e.g., McMahan v. Carroll County, 238 Ark. 812, 384 S.W. 2d 488
(1964).
[4] Only the portion of the property taken by the county in fee simple would be exempt. The portion of the property still in the hands of the private owners would remain taxable.
[5] Please note that the date when the lien becomes fixed is not the first day of January but the first Monday in January. A.C.A. § 26-34-101(b); see also Op. Att'y Gen. No. 93-087. *Page 1